UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CARLTON FERGUSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 10-cv-3175 |
| | ) | |
| DR. OBAISI and | ) | |
| NURSE LERCHER, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding *pro se*, alleges that Dr. Obaisi and Nurse Lercher were deliberately indifferent to his thyroid and intestinal problems during his incarceration in Logan Correctional Center. Plaintiff was released from prison after filing this case.

Now before the Court are Defendants' motions for summary judgment and Plaintiff's response. In sum, Plaintiff presents no competent, admissible evidence that would allow a jury to find in his favor. Accordingly, summary judgment will be granted to Defendants.

**SUMMARY JUDGMENT STANDARD**

"The court shall grant summary judgment if the movant shows that there is

no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A movant may demonstrate the absence of a material dispute through specific cites to admissible evidence, or by showing that the nonmovant "cannot produce admissible evidence to support the [material] fact." Fed. R. Civ. P. 56(c)(B).  If the movant clears this hurdle, the nonmovant may not simply rest on his or her allegations in the complaint, but instead must point to admissible evidence in the record to show that a genuine dispute exists. Id.; Harvey v. Town of Merrillville, 649 F.3d 526, 529 (7th Cir. 2011).  "In a § 1983 case, the plaintiff bears the burden of proof on the constitutional deprivation that underlies the claim, and thus must come forward with sufficient evidence to create genuine issues of material fact to avoid summary judgment." McAllister v. Price, 615 F.3d 877, 881 (7th Cir. 2010).

At the summary judgment stage, evidence is viewed in the light most favorable to the nonmovant, with material factual disputes resolved in the nonmovant's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A genuine dispute of material fact exists when a reasonable juror could find for the nonmovant. Id.

## ALLEGATIONS

Plaintiff alleged in his complaint that, during his incarceration in Logan

Correctional Center, his thyroid condition caused him severe dietary and intestinal problems. He alleged that he suffered from:

> chronic and painful constipation, diarrhea, at times vomiting, sharp pains in the digestive tract, heart palpitations, rashes, insomnia, depression, and symptoms of hypothyroidism. Health-care has refuse [sic] to give me the proper, medical-treatment that's needed. I've been attempting to seek a "specialist" . . . .

(Complaint, p. 6). He further alleged that he developed a stomach infection caused by the soy in his diet. He alleged that the soy prevented him from keeping food down and was contraindicated for his thyroid condition.

## ANALYSIS

Deliberate indifference to a serious medical need violates a prisoner's right under the Eighth Amendment to be free from cruel and unusual punishment. Hayes v. Snyder, 546 F.3d 516, 522 (7th Cir. 2008). The medical need must be objectively serious, meaning "'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Id., *quoting* Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005). An objectively serious need also presents itself if "'failure to treat [the condition] could result in further significant injury or unnecessary and wanton infliction of pain.'" Reed v. McBride, 178 F.3d 849, 852 (7th Cir. 1999)(quoted cite omitted); Roe v. Elyea, 631 F.3d 843, 857 (7th Cir.

2011)("The Eighth Amendment safeguards the prisoner against a lack of medical care that 'may result in pain and suffering which no one suggests would serve any penological purpose.'") (quoted cite omitted). Deliberate indifference does not encompass negligence or even gross negligence. McGowan v. Hulick, 612 F.3d 636, 640 (7th Cir. 2010). Deliberate indifference requires personal knowledge of an inmate's serious medical need and an intentional or reckless disregard of that need. Id.; Hayes, 546 F.3d at 524.

    Plaintiff had a thyroidectomy before his incarceration, which allows an inference that he had a serious medical need. However, no evidence suggests that Defendants were deliberately indifferent to that need. Plaintiff does not dispute that he was treated in the chronic care clinic for his thyroid condition and was prescribed Synthroid. He also does not dispute that Dr. Obaisi periodically tested Plaintiff's thyroid level, with the last five test results in the normal range. Plaintiff asserted in his deposition that Dr. Obaisi made mistakes in determining the correct dosage, but mistakes do not rise to the level of deliberate indifference. Norfleet v. Webster, 439 F.3d 392, 396 (7th Cir. 2006)(malpractice does not rise to the level of deliberate indifference). Accordingly, no inference of deliberate indifference arises with respect to the treatment of Plaintiff's thyroid condition.

    Plaintiff also had intestinal problems. He asserts that he was treated like a

"guinea pig" with regard to these problems as well, with Dr. Obaisi experimenting on Plaintiff without having the expertise to correctly diagnose the problem. Plaintiff contends that he should have been referred to a specialist. However, Plaintiff still has no evidence regarding the cause of his intestinal problems, even though he has had ample time to go to a doctor since his release from prison over one year ago, and, according to his deposition, he is currently seeing doctors for these same problems. Plaintiff believes the problems were related to the soy diet, but that belief remains speculation unsupported by admissible evidence. Though he is presumably no longer eating soy, Plaintiff testified in his deposition that he still experiences the same intestinal problems that he did in prison. (Plaintiff's Dep., p. 41). In short, no evidence suggests that referral to a specialist would have helped Plaintiff, much less that Dr. Obaisi was deliberately indifferent to Plaintiff's plight. This conclusion mandates summary judgment for both Dr. Obaisi and Nurse Lercher.

IT IS THEREFORE ORDERED:

1) Defendants' motions for summary judgment are granted (d/e's 22, 24). The clerk of the court is directed to enter judgment in favor of Defendants and against Plaintiff. All pending motions are denied as moot, and this case is terminated, with the parties to bear their own costs.

2) If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal in forma pauperis should identify the issues Plaintiff will present on appeal. See Fed. R. App. P. 24(a)(1)(c).

ENTERED: November 16, 2011

FOR THE COURT:

                                  **s/Sue E. Myerscough**
                                SUE E. MYERSCOUGH
                       UNITED STATES DISTRICT JUDGE